IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTHA JANE JOHNSON, #202230, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:02cv1131-H |
| ) | |
| GLADYS DEESE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is presently before this court on a limited order of remand from the United States Court of Appeals for the Eleventh Circuit (doc. # 69) for a determination of the date of filing of petitioner's notice of appeal under the law applicable to inmate filings.  The notice of appeal was due to be filed in this court on April 28, 2005.  However, this Court did not physically receive the notice of appeal under May 4, 2005.  On July 28, 2005, the court referred this matter to the undersigned for Recommendation and Report (doc. # 70).  An evidentiary hearing was held on October 17, 2005, to determine when the plaintiff delivered her notice of appeal to prison authorities.  For the reasons that follow, the court concludes that the plaintiff delivered her notice of appeal on April 26, 2005.

On February 4, 2005, the Magistrate Judge filed a Recommendation that the petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief be dismissed with prejudice. In that Recommendation, the Magistrate Judge concludes that the petition is untimely as it was not filed within the one-year period of limitation set forth in 28 U.S.C.§ 2254(d)(1)(A).

The Magistrate Judge also rejected Petitioner's assertion of actual innocence, thereby obviating the need to address the constitutional question which is presented when a petitioner who, although time-barred from making his or her first habeas corpus petition under § 2244(d), nonetheless presents a federal court with a viable claim of actual innocence. On March 7, 2005, the court, conducting an independent de novo review of the Magistrate Judge's Recommendation, the applicable law, and the record as a whole, overruled the petitioner's objections to the Recommendation, adopted the Recommendation, and dismissed the petition with prejudice. (Doc. # 41). The court entered a final judgment on March 7, 2005. (Doc. # 42).

On April 6, 2005, the petitioner filed a motion for extension of time to file an appeal. (Doc. # 53). On April 13, 2005, the court granted the petitioner's motion for an extension of time to file a notice of appeal. (Doc. # 55). The petitioner was granted "an extension from April 6, 2005 to and including April 28, 2005 to file a notice of appeal." (*Id*.)

The petitioner's notice of appeal was stamped filed in this court on May 4, 2005. The notice of appeal is not dated. The envelope containing the petitioner's notice of appeal is postmarked May 2, 2005.

At the evidentiary hearing, the petitioner testified that she delivered her notice of appeal to prison authorities for mailing on April 26, 2005, two days prior to the date on which the notice of appeal was due. The prison does not maintain a log of outgoing legal mail; it only maintains a log of incoming legal mail. Although the notice of appeal was

2

stamped "filed" in this court on May 4, 2005, the petitioner was adamant that she placed her notice of appeal in the prison mailing system on April 26, 2005.

A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The respondents presented no evidence to contradict the petitioner's testimony that she placed her notice of appeal in the prison mailing system on April 26, 2005. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Johnson] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The only evidence before the court is the petitioner's testimony, under oath, that she placed her notice of appeal in the prison mailing system on April 26, 2005. Except for the fact that Johnson is a convicted felon, a status which is not dispositive, *see Gallego v. United States*, 174 F.3d 1196 (11th Cir. 1999), there is no competing evidence to weigh. Johnson's demeanor on the stand did not convey a message of untruthfulness.

Accordingly, in light of the undisputed evidence, it is the RECOMMENDATION of the Magistrate Judge that the court find that the petitioner filed her notice of appeal on April 26, 2005. It is further

ORDERED that the parties shall file any objections to said Recommendation on or before **November 1, 2005**. Any objections filed must specifically identify the findings in the

3

Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of October, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE